# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

COPY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

FILED/ENDORSED
Clerk of the Superior Court
MAR 23 2021
By K. SHRONTZ
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SOLANO
UNLIMITED JURISDICTION

CHARLES LONG,

    Plaintiff,

-vs-

HYUNDAI CAPITAL AMERICA d/b/a KIA MOTORS FINANCE; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and DOES 1-10 inclusive,

    Defendants.

CASE NO.: FCS056244

COMPLAINT
1. Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*);
2. Violation of the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code § 1785 *et seq.*); and
3. Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*).

(Amount to Exceed $25,000)

<u>Jury Trial Demanded</u>

ASSIGNED TO JUDGE ALESIA JONES FOR ALL PURPOSES.

BY FAX

## I. INTRODUCTION

1. Plaintiff, CHARLES LONG ("Plaintiff"), brings this action for damages and all other due and proper relief against Defendants, HYUNDAI CAPITAL AMERICA d/b/a KIA MOTORS FINANCE ("KIA"), EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC (collectively and hereinafter, "Defendants"), for Defendant KIA's violation of California's Consumer Legal Remedies Act.

2. Furthermore, this is an action for damages brought by an individual consumer for Defendants' violations of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a) (hereinafter "CCRAA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

3. Plaintiff, CHARLES LONG ("Plaintiff"), is a natural person residing in Solano County in the state of California.

4. Furthermore, Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a.

5. At all relevant times herein, Defendant KIA was a consumer finance company and a "person" as that term is defined by 15 U.S.C. § 1681a(b).

6. At all relevant times herein, Defendant, EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX"), is a "person" as that term is defined by 15 U.S.C. § 1681a(b). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f).

7. At all relevant times herein, Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), is a "person" as that term is defined by 15 U.S.C. § 1681a(b). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit

basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f).

8. At all relevant times herein, Defendant, TRANS UNION LLC ("TRANS UNION"), is a "person" as that term is defined by 15 U.S.C. § 1681a(b). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f).

9. Collectively, EQUIFAX, EXPERIAN and TRANS UNION will be referred to, hereinafter, as "CRA Defendants" and with KIA will be referred to as Defendants.

10. At all relevant times herein, KIA regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRAA.

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

12. The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

13. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and

consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. JURISDICTION & VENUE

14. This Court has personal jurisdiction over Defendants because Defendants conduct business in the State of California, as well as maintain contacts therewith, sufficient to demonstrate purposeful availment of the protection and obligations of this State's laws.

15. The Superior Court of the State of California for the County of Solano is the proper venue for this matter because a most, if not all, of the events giving rise to this action occurred within this County.

### IV. FACTUAL ALLEGATIONS

16. On or about June 2, 2020, Plaintiff's vehicle, a 2019 Kia Sorento ("vehicle") was damaged in an accident. Plaintiff contacted Progressive Insurance ("Progressive") for coverage of vehicle repairs.

17. When Plaintiff's vehicle went in for repairs, it was initially determined to be a total loss. However, shortly thereafter the vehicle was deemed to be repairable, and a retraction letter was mailed to KIA confirming the update.

18. On or about September 29, 2020, Plaintiff received a letter from KIA demanding full payment of the account, in the amount of $30,989.99, an amount calculated based on a pay off.

19. Plaintiff immediately contacted KIA and explained that the vehicle had not been deemed a total loss, at which time KIA told Plaintiff that they had not received the retraction letter sent by Progressive.

20. Plaintiff, believing this was a minor oversight, contacted Progressive, who sent the letter to KIA again on or around October 13, 2020.

21. When Plaintiff contacted KIA again, they claimed that they had not received the letter. Plaintiff confirmed with Progressive that the letter had been sent and also emailed the letter directly to KIA.

22. On or about October 29, 2020, less than thirty days after KIA sent its demand letter to Plaintiff, KIA posted the account as a charge off, making it seem as if Plaintiff had been delinquent on the account.

23. Plaintiff was never delinquent on the account and had an excellent payment history. Plaintiff was up to date on all payments as of the date KIA posted the charge off.

24. Prior to Plaintiff's vehicle being involved in the accident, Plaintiff was in the process of refinancing his vehicle through his credit union.

25. On or about November 10, 2020, Plaintiff's credit union confirmed the payoff amount with KIA and delivered to KIA a cashier's check for the full amount.

26. Plaintiff's credit history was substantially harmed by KIA's negative reporting, which lowered his credit score by over one hundred points.

27. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, KIA reported derogatory information on Plaintiff's credit report.

28. KIA furnished inaccurate, false, or incomplete information to the consumer credit reporting agencies. This has resulted in a negative effect on Plaintiff's credit score.

29. Prior to the filing of this Complaint, Plaintiff had informed KIA of the nature of the information they are furnishing, namely that it is false, misleading, or incomplete, as well as harmful to Plaintiff's credit score.

30. Plaintiff has requested that KIA cease furnishing such information.

31. However, KIA refused to correct the information reported on Plaintiff's consumer credit report.

32. Furthermore, Plaintiff disputed the reporting in writing with EQUIFAX, EXPERIAN and TRANS UNION during or around November of 2020.

33. CRA Defendants failed to reasonably reinvestigate and permitted the erroneous derogatory information on Plaintiff's consumer credit report.

34. This reporting had a severely negative effect on Plaintiff's credit score.

35. KIA is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

36. Plaintiff disputed the reporting in writing, but KIA refused to cease furnishing the erroneous information. Furthermore, CRA Defendants refused to properly validate the information and instead, falsely reported it.

37. As a result of Defendants' inaccurate reporting of Plaintiff's account, Plaintiff's credit score decreased. Plaintiff has suffered emotional distress and lost a substantial amount of his time in disputing this inaccurate reporting and will be denied future loans due to the derogatory items placed by Defendants on Plaintiff's credit report.

38. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

39. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

40. Plaintiff has been damaged, and continues to be damaged, in the following ways:
   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;
   b. Decreased credit score which may result in inability to obtain credit on future attempts; and
   c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report.

41. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

42. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

43. KIA is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate.

44. KIA is further liable under Cal. Civ. C. § 1785.31, as its conduct constitutes a violation of Cal. Civ. C. § 1785.25(a).

45. CRA Defendants violated Cal. Civ. C. § 1785.16 and 15 U.S.C. § 1681i by failing to reasonably reinvestigate and correct the inaccurate and false information on Plaintiff's credit report after receiving a dispute from Plaintiff.

46. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

47. Furthermore, KIA failed to notify Plaintiff of its intention to report negative information on his credit reports. Defendants then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

48. As a result of the above violations of the CCRAA and FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

49. The conduct described herein amount to numerous violations of the California Consumer Legal Remedies Act, as well as the CCRAA, and FCRA, and for such violations, Plaintiff here and now seeks remediation of all of Defendants' wrongful acts in the form of all due and proper legal and equitable relief.

**COUNT I: VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**
**(As to Defendant KIA ONLY)**

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. KIA's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1770 to the extent that Defendants violated the following provisions of the CLRA:

    a) Passing off goods or services as those of another; Cal. Civ. Code § 1770(1);

    b) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; Cal. Civ. Code § 1770(7);

    c) Advertising goods or services with intent not to sell them as advertised; Cal. Civ. Code § 1770(9);

    d) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code § 1770(14); and

    e) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal. Civ. Code § 1770(16).

52. On or about December 3, 2020, through his Counsel of record, using certified mail, Plaintiff served KIA with notice of their violations of the CLRA (attached hereto as EXHIBIT A), and asked that KIA correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised KIA that it must take such action within thirty (30) calendar days, and pointed KIA to the provisions of the CLRA that Plaintiff believes to have been violated by KIA. KIA has not replied to this correspondence in a satisfactory manner, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against KIA for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### (As to all Defendants)

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. To the extent that Defendants' actions, counted above, violated the CCRAA, those actions were done knowingly and willfully.

55. Defendant KIA has violated Cal. Civ. C. § 1785.25(a).

56. CRA Defendants have violated Cal. Civ. C. § 1785.16.

57. Based on these violations of the CCRAA, Plaintiff is entitled to the remedies afforded by Cal. Civil C. § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:
- A. Actual damages;
- B. Statutory damages;
- C. Costs and reasonable attorney's fees; and
- D. For such other and further relief as the Court may deem just and proper.

## COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (As to all Defendants)

58. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59. Defendant KIA has violated 15 U.S.C. § 1681-s2b.

60. CRA Defendants have violated 15 U.S.C. § 1681i.

61. To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:
- A. Actual damages;

B. Statutory damages;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as the Court may deem just and proper

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

62. Plaintiff demands a trial by jury, pursuant to his right under Article 1, Section 16 of the Constitution of the State of California, on all issues so triable.

Respectfully submitted this 22nd day of March, 2021.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

EXHIBIT A

# LAW OFFICES OF TODD M. FRIEDMAN, P.C.
## ATTORNEYS FOR CONSUMERS
21550 OXNARD ST., STE 780
WOODLAND HILLS, CA 91367
866-598-5042 TOLL FREE
866-633-0228 FACSIMILE
CALIFORNIA OFFICE
WWW.TODDFLAW.COM

E-MAIL: TFRIEDMAN@TODDFLA.COM

WRITER LICENSED IN:
CALIFORNIA

December 3, 2020

**Via Certified Mail**
**Return Receipt Requested**
**7014 0150 0000 1581 7538**

Kia Motor Finance
P.O. Box 20825
Fountain Valley, CA 92728

RE:   Charles W. Long -Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152

To Whom It May Concern:

    Please be advised that our office represents Mr. Charles W. Long ("Long") in pursuing legal claims against KIA Motor Finance ("KIA") for violations of the Consumer Legal Remedies Act ("CLRA") and California Business and Professions Code §17200 ("BPC").

    Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

    The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

    Please review the violations set forth below and contact our offices immediately, to discuss settlement.

**Facts**

On or around June 2020, ("Long") vehicle was involved in an automobile collision at which ("Long") went through Progressive Insurance for vehicle repairs during the scope of pending repairs the vehicle was initially thought to be a total loss all of which later retracted by Progressive Insurance, deemed repairable and a letter was mailed to ("KIA") confirming such.

Sometime in October 2020, ("Long") received a letter from ("KIA") requesting payment in full be paid in the amount of $30,989.99, an amount calculated based on a pay off. ("Long") contacted ("KIA") immediately and explained the vehicle had not been deemed a total loss at which time ("KIA") told ("Long") they had not received any confirmation from Progressive Insurance in that regard. ("Long") immediately contact Progressive Insurance and requested the letter be sent immediately to ("KIA"). Progressive Insurance sent he letter to ("KIA") on several occasions and in an effort to ensure the letter was received by ("KIA") ("Long") himself emailed the letter it directly to ("KIA").

Prior to ("Long's") vehicle being in an accident ("Long") was in the process of going through his credit union to refinance his vehicle. ("Long") credit union confirmed the payoff amount through ("KIA") and sent a cashier's check to ("KIA") for the payoff amount provided to ("Long") credit union the check was received and cashed by ("KIA") and charged off his account making it seem as if had been delinquent all of which should never of happened considering ("Long") was never delinquent and had an excellent payment history.

As a result, and to this day ("Long.'s") credit history has been affected by ("KIA") negative reporting and has impacted his credit significantly damaging his credit worthiness.

**CLRA (*Cal. Civ. Code* §17500 et seq.) Violations**

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Advertising goods or services with intent not to sell them as advertised- *Cal. Civ. Code* §1770(9);

2. Passing off goods or services as those of another *Cal. Civ. Code* §1770(1)

3. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. *Cal. Civ. Code* §1770(7)

4. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; - *Cal. Civ. Code* §1770(14);

5. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. *Cal. Civ. Code* §1770(16)

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages and reasonably attorney's fees and costs. *Cal. Civ. Code* §1788 (a) and (d).

By engaging in the conduct detailed above, dealer violated Sections §1770(1), (7), (9), (14), and (16) of the CLRA, thereby entitling Mims to attorney's fees and costs, and actual and punitive damages.

**Demand**

Ultimately, I am sure your company can appreciate the need to address this issue with my client and the need to avoid unnecessary litigation. My client, too, appreciates the hardships of protracted litigation. Therefore, we are willing today to settle this matter outside litigation, if you contact our office immediately upon receipt of this letter.

If you chose to ignore this letter seeking settlement, then we will have no choice but to pursue my client's CLRA claims in a court of law. Please be advised that if such circumstances should arise, my demand shall be deemed withdrawn upon the filing of our complaint. Again, we hope that this can be avoided.

Best regards,

Todd M. Friedman
Attorney at Law

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 323-306-4234   FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* CHARLES LONG, | FOR COURT USE ONLY<br>FILED/ENDORSED<br>Clerk of the Superior Court<br>MAR 23 2021<br>By K. SHRONTZ<br>DEPUTY CLERK |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO
STREET ADDRESS: 600 Union Avenue
MAILING ADDRESS: 600 Union Avenue
CITY AND ZIP CODE: Fairfield, CA 94533
BRANCH NAME: Hall of Justice

CASE NAME: Charles Long v. Hyundai Capital America d/b/a Kia Motors Finance, et a

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: FCS056244 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: ALESIA JONES<br>DEPT: 22 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

BY FAX

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 23, 2021

Todd M. Friedman
(TYPE OR PRINT NAME)                                    ▶ *(signature)*
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

Plaintiff(s):  LONG, CHARLES

Defendant(s): HYUNDAI CAPITAL AMERICA; ET AL.,

Case No. FCS056244

NOTICE OF CASE MANAGEMENT
CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES

---

**PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:**

Date: 08/02/2021                    Time: 9:00 a.m.

**THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:**

Judge Alesia F. Jones, Department 22

**ALL HEARINGS WILL BE HELD AT: 580 Texas Street, Fairfield, California 94533**

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

1. Service of the complaint must be within sixty (60) calendar days of the date of filing.
2. Service and filing of any responsive pleadings must be within thirty (30) days after service of the complaint. The time for filing responsive pleadings may not be extended except as authorized by law. Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.
3. Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes* ("*Notice of CMC One*") on all defendants with the complaint.
4. Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-defendant with the cross-complaint.
5. Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.
6. At least thirty days before the date set for Case Management Conference One, all counsel and self-represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724.
7. A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.
8. At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.

---

NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE

0900-CV  REV. 01-01-2020.                                                                Page 1 of 2

9. At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10. Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11. At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12. The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

> COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
> http://www.courts.ca.gov/rules.htm
> http://www.solano.courts.ca.gov/LocalRulesofCourt.html

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☐ I personally served the person named below on (date): _____ at (time): _____

Name: _____

☐ Party   ☐ Attorney of Record   ☐ Representative

I, _____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes*.

Date: _____   Signature: _____

☑ I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

TODD M. FRIEDMAN
21550 OXNARD ST., STE 780
WOODLAND HILLS, CA 91367
C/O FIRST LEGAL (ATTY PICK-UP BOX)

☐ See attached for additional service addresses

Date: 3/25/2021

Clerk of the Court
Superior Court of California, County of Solano

By: __K. SHRONTZ__
Deputy Clerk

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

## Report Selection Criteria

**Case ID:**      FCS056244
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**    FCS056244 - LONG, CHARLES v HYUNDAI CAPITAL AMER;ET AL., (DMS)
**Filing Date:**    Tuesday, March 23rd, 2021
**Type:**    CC - Civil Complaint
**Status:**    OPEN - INITIAL FILING

## Related Cases

*No related cases were found.*

▶ Search Home    ▶ New Search    ▶ Report Selection    ▶ Case Description
▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Copyright(c) 2019 Avenu Insights & Analytics, LLC. All rights reserved. Contexte and the accompanying logos are trademarks of Avenu Insights & Analytics, LLC in the United States and/or other countries.
This material contains trade secrets and other confidential information and is subject to a confidentiality agreement. The unauthorized use, reproduction, distribution,